# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ANTONIO JOHNSON and DEMETRIAS BLACK, on behalf of themselves and others similarly situated. § § § § § § *Plaintiffs*, § § **v.** § § PARKER SCHOOL UNIFORMS, § LLC. § § *Defendants*. | CIVIL ACTION NO.: 4:18-cv-105 <br><br> JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Plaintiffs, and file this Complaint against the Defendant, Parker School Uniforms, LLC pursuant to § 2104(a)(5) of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, *et seq*. as follows:

### I.   PARTIES

1.   Plaintiff, Antonio Johnson, is an adult resident of Harris County, Texas, who resides at 5880 West Gulf Bank Rd., #2510, Houston, Texas 77088.

2.   Plaintiff, Demetrias Black, is an adult resident of Harris County, Texas, who resides at 5880 West Gulf Bank Rd., # 2510, Houston, Texas 77088.

3.   Plaintiffs also bring this action on behalf of other Plaintiffs similarly situated who are currently and formerly employed by Defendant, pursuant to § 2104(a)(5) of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101.

4. Defendant, Parker School Uniforms, LLC, is a foreign limited liability company doing business in the State of Texas. Parker School Uniforms, LLC may be served with process by service upon its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

5. Defendant, Parker School Uniforms, LLC, is an employer within the meaning of the WARN Act, in that the Defendant has employed 100 or more employees who work in the aggregate at least 4000 hours per week, exclusive of overtime.

6. Named Plaintiffs were at all time material herein, employees of Parker School Uniforms, LLC in Houston, TX.

7. Other similarly situated employees were employees of Parker School Uniforms, LLC in Houston, TX as well as throughout the United States.

## II.   JURISDICTION AND VENUE

8. Jurisdiction of this Court is founded on § 2104 of the WARN Act, 29 U.S.C. § 2100 et seq.

9. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendant and the Plaintiff(s) transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district.

## III.   FACTS

10. Parker School Uniforms, LLC, operated approximately thirty-six (36) stores in Texas, Alabama, California, Georgia, Kansas, Kentucky, Mississippi, Oklahoma and Tennessee.

11. Parker School Uniforms, LLC abruptly closed its Houston Headquarters and all locations around the country on January 3, 2017 – without providing any advance notice to its employees.

12. Parker School Uniforms, LLC permanently shut down all of its operations, including the

entire corporate headquarters and terminated all employees, except a minimum number necessary to facilitate the closing of the business.

13. Parker School Uniforms, LLC confirmed on January 3, 2017, in a letter to the Texas Workforce Commission, that its decision to close all operations affected three-hundred twenty (320) employees in its corporate headquarters at 6300 West by Northwest Blvd., Suite 100, Houston, Texas 77040.

## IV. GENERAL ALLEGATIONS

14. Section 2101 of the WARN Act requires employers to provide 60 days advance written notice to each affected employee prior to ordering a plant closing or mass layoff.

15. The Defendant ordered and carried out a mass layoff within the meaning of the WARN Act.

16. The Defendant failed to provide any advance notice to its employees.

17. The Defendant's failure to provide advance notice of a mass layoff is in violation of the WARN Act.

## V. DAMAGES

18. Pursuant to § 2104 of the WARN Act, any employer who orders a plant closing or mass layoff in violation of § 2102 of this title is generally liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff for - -

   (A)   back pay for each day of violation; and
   (B)   benefits under an employee benefit plan,

   Calculated for the period of the violation, up to a maximum of sixty (60) days.

## VI. JURY DEMAND

19. Plaintiffs demand a jury on all issues to be tried in this matter. Plaintiffs have submitted the jury demand and herein submit the jury fee.

## VII.     PRAYER

20. For the reasons set forth above, Plaintiffs respectfully pray that the Defendant be cited to appear and answer herein, and for the following relief:

    a. Enter a judgement in the favor of Plaintiffs named and other employees similarly situated against the Defendant for all amounts owing under the WARN Act, together with accumulated prejudgment interest thereon, Plaintiffs' actual attorney fees, and court cost;

    b. Order a complete audit of Defendant's books and records, in order to determine the total amount of fringe benefits owed;

    c. Order that jurisdiction of this matter be retained, pending compliance with the Court's orders; and

    d. all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,



By: _____
Alfonso Kennard, Jr.
Texas State Bar No. 24036888
Federal ID No. 713316
Attorney-In-Charge
Email Alfonso.Kennard@KennardLaw.com
Keenya R. Harrold
State Bar No. 24039664
Federal ID No. 897938
Email: keenya.harrold@kennardlaw.com
2603 Augusta Drive, 1450
Houston Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
**ATTORNEYS FOR PLAINTIFF**